# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

---

CRAIG THOMAS BATES,

                Plaintiff,

v.

REBEKA BARTEL, SANDY DE YOUNG,
L. FAIT, KARI BUSKE,
K. BELLILE, and MARK HEISE,

                Defendants.

ORDER

17-cv-250-jdp

---

Pro se plaintiff Craig Thomas Bates, a prisoner at the Jackson Correctional Institution, brings claims that prison officials have improperly refused him early release programming and visitation with his family. Bates has filed a series of motions that I will address below.

**A. Reconsideration of order screening complaint**

Bates asks for reconsideration of the portion of the July 5, 2017 order screening his complaint in which I stated that he may not proceed on a claim against defendant Warden Randall Hepp, because he failed to explain what Hepp did to harm him. Dkt. 13, at 5. Bates points to his allegation that Hepp recommended that the Program Review Committee add domestic violence programming to his list of programs for the purpose of preventing him from participating in the Earned Release Program. *See* Dkt. 11, at 5–6. I agree with Bates that I overlooked this allegation in screening his claims. I already allowed Bates to proceed on equal protection, retaliation, and familial-association claims regarding similar allegations against defendant Rebeka Bartel, so I will also allow him to proceed on these types of claims against Hepp.

## B. Motion regarding monitoring of legal material

Bates has filed a letter asking the court to order the DOC to provide him with alternative communication methods because he says that DOC staff monitors his legal materials. He says "[u]nless I hand write any legal material I have to print it out on the WDOC's Computer so that staff can monitor it, giving the defendants an opportunity to read my legal material at their will." Dkt. 16. He suggests that typewriters were removed so that inmates would have to use the computer.

Normally a claim that staff is hindering an inmate's litigation efforts would belong in a separate case. I can consider such allegations in this lawsuit to ensure that he has proper access to the court. But his letter does not comply with the court's rules for litigating preliminary injunction motions, and his allegations are far too vague to warrant taking the extreme step of intervening in prison library operations. As far as I can tell, Bates thinks that DOC staff *could* spy on his computer draft work, but he does not explain whether they actually did and how he knows that. It is not the court's role to weigh in on whether the DOC should make computers or typewriters available to inmates. I will deny this motion because Bates fails to show that staff is actively interfering with his ability to litigate this action.

## C. Motion to stay proceedings

Bates has filed a motion to stay the proceedings (with the exception of his motion for preliminary injunctive relief discussed below) pending his release from prison, slated for late February 2018. Bates says that the state is blocking his ability to litigate the case by denying his request for extension of legal loans. The state disagrees that it is blocking Bates, noting that the legal loan extension denial submitted by Bates shows that he justified his request for funds by stating that he faced an October 20, 2017 deadline. But that deadline was defendants'

deadline to file a motion for summary judgment based on Bates's failure to exhaust his administrative remedies. So that denial did not appear to harm Bates. Bates does not provide proof suggesting that the state would block him from completing other litigation tasks.

Nonetheless, counsel for defendants states that she does not oppose Bates's request, and states that she will be on family leave from mid-January to mid-April 2018. She asks the court to stay the case and hold a new scheduling conference after May 1.

I have already stayed two other cases in which state officials are represented by defendants' counsel. *See Walker v. Mason*, 14-cv-752-jdp (W.D. Wis. Dec. 14, 2017); *Riley v. Ewing*, 15-cv-592-jdp (W.D. Wis. Dec. 14, 2017). I do not believe that a full cancellation of the current schedule is necessary here, but I will grant a portion of what the parties seek. The trial date is in late October with a dispositive motions deadline of May 14. I will extend the dispositive motions deadline to July 1, 2018, which should be long enough to address both parties' concerns. Although this does not seem to be the kind of case requiring expert testimony, I will also extend Bates's expert disclosure deadline to June 1, 2018, and defendants' to July 1, 2018. I will not bar Bates from submitting filings during counsel's leave, but he should not expect the court or defendants to take any action on new submissions until counsel returns from leave. Should one of the parties find these extended deadlines to be insufficient, that party should file a new motion.

**D. Motion for preliminary injunctive relief**

Finally, Bates has filed a series of documents in support of a motion for preliminary injunctive relief. Bates asked the court to issue orders: (1) "ordering a special placement need against" non-defendant Sergeant Weirsma for ongoing acts of retaliation related to this lawsuit; and (2) allowing his wife to visit him. *See* Dkt. 21. He then asked for leave to amend the

3

motion, stating that his original one was "grossly flawed," Dkt. 28 and Dkt. 32, and he filed a supplement. Dkt. 33. But even taking his submissions together, they are woefully short on facts explaining the circumstances regarding both of the injunctions he seeks, which is reason enough to deny the motion: for instance, it is impossible to tell from those facts whether he has any likelihood of success on the merits of his claims. A preliminary injunction is "an extraordinary and drastic remedy" that should be granted only when the movant carries the burden of persuasion by a "clear showing." *Boucher v. Sch. Bd. of the Sch. Dist. of Greenfield*, 134 F.3d 821, 823 (7th Cir. 1998). This is particularly so in the prison context, where the Prison Litigation Reform Act limits the scope of preliminary injunctive relief in cases challenging prison conditions. *See* 18 U.S.C. § 3626.

Although time is now short before Bates will be released from prison, he is free to try again regarding his request for visitation. I will attach to this order a copy of the court's procedures for briefing motions for injunctive relief so that he can see how to draft a more detailed motion explaining the basis for his request.

Bates should not renew his motion regarding retaliation from defendant Sergeant Weirsma. Bates appears to be saying that Weirsma created false allegations that other defendants used to conclude that Bates's wife was the victim of domestic abuse, which in part led to the denial of visitation. It is unclear why Bates did not include Weirsma as a defendant, but even if he had, he does not explain how Weirsma is currently a danger to him other than saying that Weirsma later filed a false conduct report in retaliation for Bates filing this lawsuit. That retaliation is not part of the claims in this case and cannot serve as the basis for injunctive relief here. Bates is free to bring those retaliation claims in a brand-new lawsuit if he wishes, but I will deny his motion for preliminary injunctive relief.

ORDER

IT IS ORDERED that:

1. Plaintiff Craig T. Bates's motion for reconsideration of the July 5, 2017 order screening his complaint, Dkt. 14, is GRANTED. Bates is GRANTED leave to proceed on equal protection, retaliation, and familial association claims against defendant Randall Hepp.

2. Plaintiff's motion regarding monitoring of his legal materials, Dkt. 16, is DENIED.

3. Plaintiff's motion to stay proceedings, Dkt. 29, is GRANTED in part. The schedule is amended as discussed above.

4. Plaintiff's motion to amend his motion for preliminary injunctive relief, Dkt. 28 and Dkt. 32, is GRANTED.

5. Plaintiff's motion for preliminary injunctive relief, Dkt. 21 and Dkt. 33, is DENIED without prejudice.

Entered January 12, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge